E. B. ESTES & SONS v. UNITED STATES.

(Circuit Court, S. D. New York.  November 12, 1909.)

No. 5,394.

CUSTOMS DUTIES (§ 27*)—CLASSIFICATION—MANICURE STICKS—"MANUFACTURES
OF WOOD."
  Manicure sticks, being completed articles of wood, several inches long,
  pointed at one end and beveled off at the other to form a cutting edge, are
  "manufactures of wood," and dutiable as such under Tariff Act July 24,
  1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 (U. S. Comp. St. 1901, p.
  1647).
  [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 60–65;
  Dec. Dig. § 27.*
  For other definitions, see Words and Phrases, vol. 5, p. 4363.]

On Application for Review of a Decision by the Board of United
States General Appraisers.

The decision rendered by the Board of Appraisers, which is re-
ported as G. A. 6,828 (T. D. 29,358), affirmed the assessment of duty
by the collector of customs at the port of New York.  The Board's
opinion reads as follows:

McCLELLAND, General Appraiser.  The merchandise which is the subject
of these protests is invoiced as "toothpicks," and was returned by the appraiser
as manufactures of wood.  * * *  The appraiser, in his special report on the
protests, states that "the articles are not toothpicks, but manicure sticks, con-
sisting of pieces of wood 4¾ inches long, pointed at one end and beveled off
at the blunt end to form a cutting edge, designed for use to manicure finger
nails."  This statement of the condition and character of the merchandise is
confirmed by the testimony of the official examiner who passed the same, and is
not controverted by protestants.
  Counsel for protestants cite U. S. v. Knipscher (C. C.) 152 Fed. 590, T. D.
27,855, and Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed.
1012, in support of the claim that these sticks are not "manufactures of wood";
but we think there is nothing in the reasoning or conclusion in either case
to sustain their contention.  Here we have articles of very general use, with a
distinct trade-name, deliberately fashioned into shape and ready for use.  We
find them to be manufactures of wood, and hold that duty was properly
assessed.
  The protests are accordingly overruled.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
D. Frank Lloyd, Deputy Asst. Atty. Gen. (William K. Payne, Asst.
Atty., of counsel), for the United States.

MARTIN, District Judge.  The articles in question are concededly
manicure sticks.  They were assessed for duty at 35 per cent. ad
valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par.
208, 30 Stat. 168 (U. S. Comp. St. 1901, p. 1647), as "manufactures
of wood."  The importers claim classification under paragraph 198,
30 Stat. 167 (U. S. Comp. St. 1901, p. 1646), at 20 per cent., as wood
unmanufactured, or at 15 per cent., under the same paragraph, as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cabinet wood, or at 20 per cent., under paragraph 200, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1646), as sticks, or free of duty, under section 2, Free List, par. 700, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689).

I concur in the finding of the Board that this is a manufactured product. Decision affirmed.